UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAMAKA WOOD,

        Plaintiff,

v.

EQUITYEXPERTS.ORG, LLC,

        Defendant.

                                /

Case No. 2:16-cv-13276

HON. STEPHEN J. MURPHY, III

**OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [19]**

In this debt-collection-practices case, Defendant attempted to collect debt that Plaintiff owed to her condominium association, but Defendant's collection practices allegedly violated federal and state law. Before the Court is Defendant's Motion for Summary Judgment. The Court reviewed the briefs and finds that a hearing is unnecessary. E.D. Mich. LR 7.1(f). For the reasons set forth below, the Court will grant in part and deny in part Defendant's motion.

**STANDARD OF REVIEW**

Summary judgment is proper if there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material for purposes of summary judgment if its resolution would establish or refute an "essential element[] of a cause of action or defense asserted by the parties[.]" *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984).

In considering a motion for summary judgment, the Court must view the facts and draw all inferences in the light most favorable to the non-moving party. *Stiles ex rel.*

1

*D.S. v. Grainger Cty., Tenn.*, 819 F.3d 834, 848 (6th Cir. 2016). The Court must then determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986). And although the Court may not make credibility judgments or weigh the evidence, *Moran v. Al Basit LLC*, 788 F.3d 201, 204 (6th Cir. 2015), a mere "scintilla" of evidence is insufficient to survive summary judgment; "there must be evidence on which the jury could reasonably find for the plaintiff," *Anderson*, 477 U.S. at 252.

## DISCUSSION

Plaintiff alleges that Defendant's collection practices violated: (1) the Fair Debt Collection Practices Act ("FDCPA"); (2) Michigan's Occupational Code; and (3) the Michigan Collection Practices Act. ECF 1. Defendant moved for summary judgment on all counts. ECF 19. The Court will address each claim in turn.

I. <u>Fair Debt Collection Practices Act</u>

The FDCPA imposes civil liability on debt collectors for certain prohibited debt collection practices. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 576 (2010). One prohibited practice is the false representation of the amount of a debt. 15 U.S.C. § 1692e(2)(A). There is an allegation and some evidence that Defendant may have committed that prohibited act. Defendant, for example, filed a lien on June 21, 2012 indicating that Plaintiff owed $718.50. ECF 20-7, PgID 176. But Plaintiff's "occupant ledger" indicated that she actually owed $203.50. ECF 22-3, PgID 230. About a year later, Defendant filed a second lien indicating Plaintiff owed $815.00. And again Plaintiff's occupant ledger suggested she owed a lesser amount. ECF 22-5, PgID 232. Although Defendant could ultimately avoid liability if, for example, the

2

violations were unintentional, *see* 15 U.S.C. § 1692k(c), Defendant failed to make a showing on intent. The claim therefore must survive summary judgment.

## II. Michigan's Occupational Code

Michigan's Occupational Code prohibits making inaccurate statements to collect a debt. Mich. Comp. Laws Ann. § 339.915(e). As described in Section I, the discrepancies between the liens filed by Defendant and the occupant ledgers suggest that Defendant may have made inaccurate statements to collect a debt. Consequently, the Court will not enter summary judgment in Defendant's favor.

## III. Michigan Collection Practices Act

Defendant argues that it is not regulated by the Michigan Collection Practices Act, but failed to cite any law in support. ECF 19, PgID 79. Defendant's bald assertion appears to be true. The Michigan Collection Practices Act prohibits a "regulated person" from committing certain acts. Mich. Comp. Laws § 445.252. Persons regulated by the Michigan Occupational Code are *not* regulated persons for purposes of the Michigan Collections Practices Act. *See* Mich. Comp. Laws § 445.251(b) and (g). Plaintiff does not dispute that Defendant is licensed under the Michigan Occupational Code. Consequently, Defendant is exempt from liability under the Michigan Collection Practices Act. The Court will therefore grant summary judgment in Defendant's favor on the MCPA claim.

## **CONCLUSION**

Plaintiff's FDCPA and Michigan Occupational Code claims survive summary judgment. Rather than proceed to trial, the Court finds that facilitative mediation would

be in the best interest of justice, efficiency, and judicial economy. The Court will therefore refer the parties to Judge Daniel P. Ryan for facilitative mediation.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Defendant's Motion for Summary Judgment [19] is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that the Court **REFERS** the case to Judge Daniel P. Ryan for facilitative mediation. The facilitation shall proceed in compliance with Local Rules 16.3 and 16.4.

**IT IS FURTHER ORDERED** that, no later than **April 13, 2018**, the parties shall jointly **FILE** a notice of facilitation that indicates the date and location of facilitation as well as any other relevant information.

**IT IS FURTHER ORDERED** that, upon the completion of facilitation, the parties shall jointly **FILE** a notice of completed facilitation that indicates when the facilitation was completed and whether a settlement was reached. If a settlement is reached, then the parties shall file a stipulated order of dismissal within 21 days of the completion of facilitation.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: March 29, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 29, 2018, by electronic and/or ordinary mail.

s/ David Parker
Case Manager